The judges had been aware of the uncertainty and doubt which had prevailed occasionally in our courts on this point of practice, and indeed of the contradictory decisions which had at different times been made upon it; and expressed their surprise, that some case had never been brought up before to the court of appeals to have it settled. They were, therefore, glad of an opportunity of putting this point at rest. Three judges, Gb.IMKe, Johnson and Tuezevant, were of opinion, that no imparlance ought to be allowed as a matter of course in summary process cases, as the very nature and design of the clause in the act of 1789, giving the court this jurisdiction in small cases, intended that the determinations should be speedy, and that the parties should not be hung up or delayed in these summary causes ; but • that where justice required it, the courts would always allow either party to put off such a case, upon reasonable grounds shewn, as in cases at issue on mesne process.
Mr. Justice Waties
said, he had formerly been in the habit of allowing this imparlance, but, upon mature consideration, he thought the opinion of the majority of his brethren was the most correct one.
*329 Bay, Justice, absent at the argument, but afterwards accorded with his brethren, although he also had beet, in the habit of allowing the imparlance, as he had known it frequently allowed while at the bar, before he came on the bench.
The rule for setting aside the decision of the circuit court was, therefore, discharged, and the judgment confirmed.